PORTER et al. v. LYLE et al.

(Supreme Court, General Term, Third Department. December 8, 1892.)

CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

Where an action is brought in a county in which only one of the plaintiffs and one witness reside, and it is doubtful whether such plaintiff is a necessary or material witness, the venue should be changed, for convenience of witnesses, to the county where the transactions giving rise to the litigation took place, and where both the defendants, one of the plaintiffs, and many of the witnesses, reside.

Appeal from special term, Ulster county.

Action by Helen E. Porter and Albert V. Porter against Jabez M. Lyle and George W. Lyle to recover, on eight separate causes of action, certain moneys claimed to have been paid defendants through mistake or fraud. From an order denying defendants' motion to change the place of trial, for the convenience of witnesses, from Ulster county to Kings county, defendants appeal. Reversed.

The plaintiff Helen E. Porter resides in Ulster county. The plaintiff Albert V. Porter and both defendants reside in Kings county, where the transactions in controversy were had.

Argued before PUTNAM and HERRICK, JJ.

Charles S. Taber, for appellants.

John C. Gray, for respondents.

HERRICK, J. The transaction giving rise to this litigation arose in Kings county. One of the plaintiffs, both the defendants, and many

of the witnesses, reside in Kings county; one of the plaintiffs and one witness reside in Ulster county, where the venue now is. It is doubtful whether the plaintiff, who resides in Ulster county, is a necessary or material witness. Under such circumstances, the place of trial should be in Kings county. No opinion is necessary. The order of the special term should be reversed, the place of trial changed to Kings county, with $10 costs of motion and $10 costs of this appeal, with printing and other disbursements.